**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**U. S. XPRESS, INC.,**

Plaintiff,

v.

**GREAT NORTHERN INSURANCE COMPANY, as subrogee of North American Communications Resource, Inc.,**

Defendant.

Civil No. 01-195 (PAM/JGL)

**ORDER**

APPEARANCES

Michael Glover, Esq., for Plaintiff.

Brent Primas, Esq., and Barbara Sheridan, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 30, 2001 on Defendant's Motion to Amend Pleadings (Doc. No. 34). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This case arises out of a May 9, 2000 truck accident and fire in which telecommunications equipment belonging to Defendant Great Northern's ("Great Northern") assured, NACR, was destroyed. Plaintiff U. S. Xpress

OCT 31 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

("USX") brought this declaratory action seeking a judgment that they were not the carrier involved in the accident. USX claims Federal Express was actually the carrier. Additionally, USX says that under the circumstances of this case there is an $800.00 limit to its liability. Great Northern filed a counterclaim attempting to recover from USX the $429,000.00 it paid its assured as a result of the accident.

In the instant motion, Great Northern seeks to amend its pleadings to include a third party complaint against Volvo Trucks of North America ("Volvo"). Volvo built the truck involved in the May 9, 2000 accident.

## II. DISCUSSION

Great Northern argues that allowing it to amend its pleadings to include its claim against Volvo would further the goals of judicial economy and the avoidance of multiple lawsuits on the same facts. USX responds that Great Northern's claims against Volvo do not involve similar questions of law and fact which would make joinder appropriate. USX further asserts that if the Court allows joindcr of Volvo, USX will be prejudiced because it will not have sufficient time to respond to any new issues that will result from the joinder. In the event the Court allows joinder of Volvo, USX requests a ninety day extension of all remaining pretrial deadlines, including the trial ready date.

Federal Rule of Civil Procedure 20(a) articulates a two-pronged test for determining whether joinder is appropriate. The Rule states:

> [P]ersons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits." Mosely v. General Motors, Corp., 497 F.2d 1330, 1332 (8th Cir.1974) (citation omitted). Rule 20 should be read "as broadly as possible whenever doing so is likely to promote judicial economy." 7 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1653 (3d ed. 2001). Therefore, under the Federal Rules, joinder of claims is "strongly encouraged." Mosely, 497 F.2d at 1332-33 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)). Joinder should be allowed if it would avoid "delay, confusion and inconvenience of witnesses." Anderson v. Francis I. duPont & Co., 291 F. Supp. 705, 711 (D. Minn. 1968). The courts have promulgated no "hard and fast rules" for determining whether joinder is appropriate; rather, courts must take a "case by case" approach to the issue. Mosely, 497 F.2d at 1333 (citations omitted).

In the present case, the parties agree that Volvo's joinder would be premised on the same transaction or occurrence, namely, the May 9, 2000 truck fire. Therefore, the only issue is whether Great Northern's claims against Volvo involve any question of law or fact which is common to their claims against USX.

Great Northern argues that there are "numerous" common questions of fact and law regarding USX and Volvo's involvement in this case. First, Great Northern asserts that the cause of the fire is a fact question common to both parties. In addition, Great Northern argues that there are common questions of law between the two because Great Northern is asserting breach of warranty claims against both parties and driver negligence claims against USX and manufacturer negligence claims against Volvo. Furthermore, Great Northern argues that if separate trials were conducted on these issues, there would be much duplication of discovery and testimony which would result in needless expense and would run afoul of the spirit of Rule 20 which promotes judicial efficiency and economy.

USX responds that Volvo's potential liability to Great Northern is "completely detached" from USX's potential liability to Great Northern. USX argues that the only possible common question of law or fact between it and Volvo is the question of damages, that all other facts necessary to support Great Northern's claims against the two parties would involve investigations of

completely separate sets of facts. In addition, USX argues that there are no common questions of law between the two parties since the legal theories asserted by Great Northern are distinct, one claim being premised on products liability and the other claims being premised on driver negligence, vicarious liability, breach of warranty, and breach of contract. The Court disagrees.

This lawsuit arises out of a mysterious truck fire. The cause of that fire is going to be central to any litigation between the parties. That, alone, demonstrates that there is a common question of fact between the claims asserted against USX and Volvo. It seems logical claims of driver negligence and manufacturer negligence regarding the truck he was driving would require duplication of evidence and testimony. Thus, the Court finds that there is a common question of fact that makes it appropriate to allow Great Northern to file its third party complaint against Volvo.

Although Rule 20 does not require both common questions of law and fact, the Court also finds that the legal theories upon which Great Northern is suing USX and Volvo present the potential for common questions of law to be addressed. From Great Northern's point of view, the ultimate question in this case is, "Who must pay us for our losses?" In such a case, driver negligence, breach of warranty, and manufacturer negligence claims may all be intertwined as parties try to determine who, if anyone, is responsible to Great Northern. USX concedes that the value of the damaged freight is a

common legal question. Thus, the Court finds that the claims against Volvo and against USX also present common questions of law.

Once the requirements of Rule 20(a) are satisfied, the District of Minnesota has stated that it is appropriate to also consider "other relevant factors" in order to determine whether the proposed joinder will "comport with the issues of fundamental fairness." Stark v. Indep. Sch. Dist. #640, 163 F.R.D. 557, 563 (D. Minn. 1995) (citations omitted). This requirement simplifies the five factor test used in other districts and cited by USX. In this case, the Court finds that allowing Volvo to be joined as a party does not violate the tenets of fundamental fairness.

USX argues that it would be unfair to allow Great Northern to file its third party complaint because Great Northern was prepared to bring these claims against Volvo eleven months ago, but waited until now to bring them. Great Northern concedes that it prepared a draft complaint against Volvo eleven months ago. However, Great Northern argues that it did not pursue that claim at the time because it did not have the facts it needed to substantiate its claim. The claim was based on verbal assertions made by USX to Great Northern. Great Northern asked for documentation of those assertions both at the time they were made and in its March, 2001 document requests. The document requests were the subject of a motion to compel and the documents were not delivered until September, at which time Great

Northern reviewed the documents and decided that a suit against Volvo was now appropriate. The Court is satisfied that Great Northern did not unduly delay in bringing this motion. The Court is also satisfied that granting Great Northern's motion will not prejudice USX.

USX argues that allowing the joinder will add a layer of complexity to the existing lawsuit which will result in additional discovery; the need for expert witnesses; and the likelihood of additional pretrial motions, all of which will be difficult to complete under the current pretrial schedule. To guard against this, USX requests a ninety day extension of all existing Pretrial Scheduling Order deadlines. Great Northern does not object to extending the deadlines. The Court will grant the extension as it relates to all deadlines except the deadline to amend the pleadings. That deadline is only extended until December 3, 2001.

In conclusion, the Court finds that allowing Great Northern to file its third party complaint against Volvo is in the interest of judicial economy. The fact situations and legal theories are intertwined to such an extent that requiring separate trials would result in delay, confusion, and inconvenience to witnesses. Accordingly, Great Northern's motion is granted and all the existing pretrial deadlines are extended.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant's Motion to Amend Pleadings (Doc. No. 34) is **GRANTED**; and

(2) The Pretrial Scheduling Order is amended in the following ways: motions to amend the pleadings must be filed by December 3, 2001; the deadline to disclose expert witnesses is February 15, 2002, the deadline for discovery is May 1, 2002; the deadline for filing nondispositive motions is May 1, 2002; the deadline for filing dispositive motions is June 3, 2002; the trial ready date is July 1, 2002.

Dated: October 31, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge