UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

US Xpress, Inc.,

Civ. File No. 01-195 (PAM/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Great Northern Insurance Company,
as subrogee of North American
Communications Resource, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Motion is denied.

**BACKGROUND**[1]

In May 2000, North American Communications Resource, Inc. ("NACR") tendered telecommunications equipment to Federal Express (now known as "FedEx") for shipment from Minnesota to Tempe, Arizona. NACR specified that the shipment should proceed via FedEx 3-Day Freight. NACR did not declare a value on the airbill, and thus according to the terms of the airbill, FedEx's liability for the shipment was limited to $100 or $1 per pound. NACR secured insurance on the shipment through Defendant Great Northern Insurance Company ("Great Northern"). Great Northern asserts that the actual value of the goods

[1] Some of the facts recited below are disputed by US Xpress. However, for the purposes of the instant Motion, US Xpress concedes that these facts may be treated as undisputed.

FILED DEC 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

shipped exceeded $400,000.

Plaintiff US Xpress is a shipping company that contracts with FedEx to provide through shipping services. In other words, US Xpress has no contact with FedEx customers; US Xpress picks up shipments directly from FedEx and delivers the shipments to another FedEx location. In this case, FedEx shipped the goods from Minnesota to Memphis. In Memphis, FedEx tendered the goods to US Xpress for shipment by truck to Arizona. During the shipment, a fire destroyed the truck and the goods it carried. According to Great Northern, the goods were destroyed by US Xpress' negligence. Great Northern, a subrogee to the rights of NACR, seeks to recover the value of the goods from US Xpress.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

The parties do not dispute that the relevant law to be applied in this case is federal common law. Under federal common law, a carrier's agent "is liable for all damages caused by his negligence, unless exonerated therefrom . . . by a statute or a valid contract binding on the person damaged." Robert C. Herd & Co. v. Krawill Mach. Corp., 359 U.S. 297, 303 (1959). Thus, this case turns on whether there is a contract, binding on Great Northern (through NACR), that exonerates US Xpress from the general rule that an agent is liable for all damages caused by its negligence. See id. at 302.

There are two documents that might limit US Xpress' liability in this instance: the airbill and the contract between US Xpress and FedEx. The airbill at issue was subject to the terms and conditions of the FedEx Service Guide. In relevant part, this Guide provides that the limitations of liability in the airbill apply to FedEx, its "contractors, employees and agents (but not including cartage agents who shall be considered independent contractors) and to [FedEx's] subsidiaries and their employees and agents." (Kaufer Aff. Ex. F at 95.) The contract between US Xpress and FedEx provides that "an independent contractor relationship will be created by this Agreement. . . . [US Xpress] shall be solely responsible for any

liability to third parties, resulting from the negligent or intentional acts or omissions of [US Xpress], its agents, employees or subcontractors arising from or occurring in the course of the Services." (Lusk Aff. Ex. A § 13.)

According to Great Northern, these two documents, read together, establish that US Xpress is an independent contractor and that, as such, US Xpress is specifically excluded from the limitation of liability provision in the airbill. To the extent that the provisions are ambiguous about the relationship between US Xpress and FedEx, Great Northern contends that the provisions must be strictly construed against US Xpress. See Robert C. Herd, 359 U.S. at 305.

US Xpress responds that the contract between US Xpress and FedEx makes clear that US Xpress is providing service to FedEx, and not to FedEx's customers. US Xpress points to Section 8 of the Agreement, which provides that US Xpress is responsible to FedEx for any damage to goods transported by US Xpress. (Lusk Aff. Ex. A § 8.) The implication of US Xpress' argument is that US Xpress is solely liable to FedEx and is not liable to FedEx's customers. Moreover, US Xpress notes that the language of the Service Agreement does not purport to exclude all contractors from the protections of the limitations on liability, but only "cartage agents." US Xpress argues that it was not a cartage agent, and thus that it was a contractor protected by the Service Agreement's limitations on liability.

US Xpress' position finds support in the definition of cartage agent found in the Service Agreement. That document states that "shipments originating from or destined to

points outside [FedEx's] primary service areas may be picked up or delivered via cartage agents." (Kaufer Aff. Ex. F at 98.) The import of this statement is that where, as here, the shipment originated from and was destined to points within FedEx's primary service area, the shipment was not carried by a cartage agent. Thus, US Xpress cannot be denominated a cartage agent.

Great Northern urges the Court to strictly construe the limitations on liability. See Robert C. Herd, 359 U.S. at 305. According to Great Northern, because the provisions to which US Xpress points do not state explicitly that US Xpress is immune from liability for its own negligence to FedEx's customers, US Xpress is not immune.

Such a narrow construction of the relevant provisions is unwarranted in this case. Here, the shipper understood that it was receiving reduced shipment rates in exchange for limitations on the liability of the carrier. There was no expectation that, if the goods were damaged during shipment, the shipper would recover any more than the Service Guide allowed. If the goods had been damaged because of some negligence of FedEx, there is no question that Great Northern could not recover any more than $1 per pound from FedEx. It is unreasonable to read the Service Guide and the US Xpress/FedEx contract as excluding US Xpress from the protections of the same limitations on liability. The Service Guide provides protection to "contractors," and US Xpress was undisputedly a contractor for FedEx. Moreover, under the terms of that Guide, US Xpress is not a cartage agent. Thus, US Xpress is entitled to benefit from the limitations on liability in the Service Guide. Great

Northern's Motion must be denied.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court concludes that US Xpress is entitled to the protections of the limitations on liability found in the FedEx Service Guide. Defendant is therefore not entitled to summary judgment. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 41) is **DENIED**.

Dated: December 10, 2001

Paul A. Magnuson
United States District Court Judge