UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

U.S.Xpress, Inc.,

Plaintiff,

vs.

Great Northern Insurance Company as subrogee of North American Communications Resource, Inc.,

Defendants and Third-Party Plaintiffs,

vs.

Volvo Trucks North America, Inc.,

Third-Party Defendants.

Civ. No. 01-195 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of October, 2002.

* * *

On October 8, 2002, we heard argument on the Motions of the Defendant, and Third-Party Plaintiff Great Northern Insurance Company ("Great Northern"), to Extend the Discovery Deadlines, to Compel a Redeposition of one or more witnesses, and for other relief. At that Hearing, the Plaintiff USXpress, Inc. ("USXpress") appeared

FILED OCT 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

by Michael C. Glover, Esq.; Great Northern appeared by Brent W. Primus, Esq.; and the Third-Party Defendant Volvo Trucks North America, Inc. ("Volvo"), appeared by Michelle L. Rognlien, Esq.

For the reasons expressed at the time of the Hearing, and briefly reiterated below, we grant Great Northern's Motion to Extend the Discovery Schedule only for the purpose of permitting the parties to depose expert witnesses, and to permit Great Northern to redepose Vince Lindley ("Lindley"). In addition, we grant Great Northern's Motion to Compel USXpress' discovery responses.

## II. Factual and Procedural History

This action involves a cargo damage claim that was commenced by USXpress against Great Northern, and that seeks a Declaratory Judgment that USXpress is not liable for a fire in one of its delivery trucks, in which equipment belonging to an insured of Great Northern was destroyed. Great Northern countersued USXpress, and brought a third-party products liability claim against Volvo, which was the manufacturer of the truck. Currently, Great Northern presents several distinct requests to the Court.

First, Great Northern seeks an Order directing USXpress to provide its outstanding discovery by no later than October 11, 2002. Great Northern does not oppose this request and, therefore, we grant the same without further comment. Second, Great Northern requests an extension of the discovery deadline in order to permit

the parties to conduct expert depositions;[1] to allow Great Northern to redepose Lindley, who is Volvo's Fleet Manager, at Volvo's expense; to afford Great Northern an opportunity to redepose the driver of the truck that was damaged by fire, so as to determine if a warning light was operating correctly; to permit Great Northern to either redepose Charles Bird ("Bird"), who is a Volvo engineer, or some other individual, to clarify a factual matter; and to allow Great Northern's experts to inspect the damaged truck.

## III. Discussion

### A. Great Northern's Motion to Extend Discovery.

All of the extensions, which Great Northern requests, involve deadlines which have expired. Accordingly, our analysis of Great Northern's extension Motion is governed by Rule 16(b), Federal Rules of Civil Procedure. As we have repeatedly stated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district court judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party

[1]Previously, by Order dated September 20, 2002, we extended the deadlines for discovery, and for both dispositive and nondispositive Motions, but we did so in the mistaken belief that the dates represented the parties' agreement. Upon learning that the dates were the subject of dispute, we orally vacated our Order of September 20, and we now memorialize that ruling.

> seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mentioning therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).

Given this standard, we find that Great Northern has shown good cause as to the redeposition of Lindley, and as to the allowance of additional time to take expert depositions. We find no showing of cause for the remaining extension requests, which we address separately.

1. Extension of the Discovery Deadline for the Purpose of Taking Expert Depositions.

The parties agree, as do we, that there is good cause to extend the discovery deadlines to permit the taking of expert depositions, as the experts' schedules have made it impractical to complete those depositions on a timely basis. The expert depositions must be completed **by no later than November 14, 2002.**

2. <u>Great Northern's Motion for Leave to Re-Depose Lindley.</u>

Great Northern has presented good cause for deposing Lindley as to documents that have only recently been produced by Volvo. Volvo does not object to this Motion, other than to oppose Great Northern's request that the deposition be retaken at Volvo's expense. We decline to award sanctions, other than to direct, for the convenience of all parties, that Lindley travel to Minnesota to have his deposition completed. As we forewarned, at the time of the Hearing, Lindley is not to be questioned about issues previously addressed in his prior deposition, except to the extent required by the newly produced documents. The retaking of Lindley's deposition should occur promptly.

3. <u>Great Northern's Motion to Extend Discovery to Permit the taking of a Deposition to Clarify issues about the Ordering of the Truck</u>.

While Great Northern complains of some uncertainty in prior discovery from Volvo, we have found none that requires the taking of any further depositions on that score. Volvo has volunteered to prepare an Affidavit to further explain whether parking brakes were ordered for one or both axles of the damaged truck and, if further uncertainty exists, notwithstanding that Affidavit, it can be rectified with minimal questioning at Trial.

4. Great Northern's Motion to Redepose the Truck Driver.

As best as we can tell, for the first time at the Motion Hearing, Great Northern requested leave to redepose the driver of the truck, so as to question him further about his observation of the parking brake warning light. Counsel for USXpress represented, and the representation was not seriously disputed, that the driver had been deposed, at length, on the subject matter offered as justification for further questioning. We are not persuaded that a further deposition of the truck driver is warranted, and therefore, we deny that request.

5. Great Northern's Motion to Extend the Discovery Deadline for the Purpose of Inspecting the Truck.

Great Northern complains that, unlike the other parties, it has not had occasion to inspect the damaged truck. Quite to the contrary, the truck has been available for inspection since on or before the filing of the Complaint in this matter, on February 1, 2001. Eighteen months later, Great Northern asks to conduct an inspection it deferred for reasons of its own choice. Despite Great Northern's explanation, that the inspection would not prejudice any other party, we find prejudice simply because the parties will incur additional costs and expense to accommodate the requested inspection. When asked to identify any "cause" underlying the request, counsel for Great Northern merely responds that an

inspection of the truck did not seem warranted previously. While that might be, our Scheduling Orders would have no impact in assuring the orderly advancement of a case to Trial, if the deadlines set were subject to modification as a party should second-guess earlier Trial strategies.

Even if we allowed such an inspection, we would be loathe to permit Great Northern to alter its previously produced expert report, as that would only induce further, unnecessary delay. If Great Northern had demonstrated that a prior request to inspect the truck had been impermissibly denied, or that the existence of the truck were not known, notwithstanding Great Northern's inquiry, we would be presented with a different factual predicate. Rather, it appears that, as this case rapidly approaches Trial, Great Northern wants to regenerate discovery previously abandoned or ignored. This Great Northern may not do.

NOW, THEREFORE, It is --

ORDERED:

1. That Great Northern's Motion to Extend Discovery [Docket No. 80], is GRANTED to the extent of allowing the parties to complete expert depositions **by no later than November 14, 2002.**

2. That Great Northern's Motion to Compel the Retaking of the deposition of Vince Lindley [Docket No. 80], is GRANTED, as more fully detailed in the text of this Order.

3. That Great Northern's Motion for an Order directing USXpress to respond to its outstanding discovery requests by no later than **October 11, 2002** [Docket No. 80], is GRANTED.

4. That this Court's Order of September 20, 2002 is hereby VACATED, as improvidently granted.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE