UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

US Xpress, Inc.,

Plaintiff,

v.

Great Northern Insurance Company, as subrogee of North American Communications Resource, Inc.,

Defendant.

Civ. File No. 01-195 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion in part and denies in part.

**BACKGROUND**

In May 2000, North American Communications Resource, Inc. ("NACR") tendered telecommunications equipment to Federal Express (now known as "FedEx") for two shipments from Minnesota to Tempe, Arizona. The first shipment corresponds with FedEx airbill number 412154172466 ("466"). The second shipment corresponds with FedEx airbill number 412154172477 ("477"). NACR did not declare a value on either of the airbills, and thus, according to the terms of the airbills, FedEx's liability for the shipments was limited to $100 or $1 per pound. NACR secured insurance on the shipments through Defendant

OCT 2 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Great Northern Insurance Company ("Great Northern"). Great Northern asserts that the actual value of the goods shipped exceeded $400,000.

Plaintiff US Xpress is a shipping company that contracts with FedEx to provide through shipping services. In other words, US Xpress has no contact with FedEx customers; US Xpress picks up shipments directly from FedEx and delivers the shipments to another FedEx location. In this case, FedEx shipped the goods from Minnesota to Memphis. In Memphis, FedEx tendered the goods to US Xpress for shipment by truck to Arizona. During the shipment, a fire destroyed the truck and the goods it carried. According to Great Northern, the goods were destroyed by US Xpress' negligence. Great Northern, a subrogee to the rights of NACR, seeks to recover the value of the goods from US Xpress.

NACR already received a payment of $875.33 from FedEx for the complete loss of the 466 shipment. Also, this Court previously issued an order in this case denying Great Northern's Motion for Summary Judgment. US Xpress, Inc. v. Great Northern Insurance Co., No. CIV 01-195, 2001 WL 1690051 (D. Minn. Dec. 10, 2001) (Magnuson, J.) ("US Xpress I") (denying Great Northern's Motion because US Xpress' liability is limited to $1 per pound). Great Northern claims that US Xpress is liable for the loss of both shipments under theories of negligence, vicarious liability, and breech of warranty. Great Northern also asserts a claim under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The parties dispute the validity of the limitation of liability expressed on the shipments' airbills.

## DISCUSSION

### A. Summary Judgment Standard

US Xpress filed a Motion for Summary Judgment pursuant to Rule 56(c), which provides that a motion for summary judgment shall be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-moving party. Enter. Bank v. Magna Bank, 92 F.3d 740, 747 (8th Cir. 1996).

The burden of demonstrating that there are no genuine issues of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

### B. Merits

The parties dispute whether the Carmack Amendment or federal common law applies to this action. The Carmack Amendment applies to ground carriers and is not applicable to air carriers. Arkwright-Boston Mfrs. Mut. Ins. Co. v. Great Western Airlines, Inc., 767 F.2d 425, 428 (8th Cir. 1985). Federal common law applies to air carriers instead. Id. Here, the

shipment, although delivered by a certified air carrier pursuant to airbill numbers, was transported entirely by motor vehicle. The distinction is one without a difference in this case, however. Under either federal common law or the Carmack Amendment, Great Northern's state law claims are preempted, and the limitation of liability expressed on the FedEx airbills extends to US Xpress.

First, both federal common law and the Carmack amendment preempt state claims. Arkwright-Boston Mfrs. Mut. Ins. Co., 767 F.2d at 427 (finding that "federal law, rather than state law, controls the resolution of this action"); Fulton v. Chicago, Rock Island & Pac. R.R., 481 F.2d 326, 332 (8th Cir. 1973) (listing ten different authorities for the proposition that the Carmack Amendment preempts state law claims). In this case, the Court construes Great Northern's counter claims as sounding in tort under federal common law, and not based on state common law.

Second, this Court found that federal common law applies to this action in its previous order. US Xpress I, 2001 WL 1690051, at *1 (noting that the parties agreed that federal common law governs the current action). Additionally, the Court determined that, under federal common law, the expressed limitation of liability contained in the airbills extended to US Xpress.

> The Service Guide provides protection to "contractors," and US Xpress was undisputedly a contractor for FedEx. Moreover, under the terms of that Guide, US Xpress is not a cartage agent. Thus, US Xpress is entitled to benefit from the limitations on liability in the Service Guide. Great Northern's Motion must be denied.

Id., at *3 (citing Robert C. Herd & Co. v. Krawill Mach. Corp., 359 U.S. 297, 303 (1959)). Even assuming that the Carmack Amendment applies, subsequent revisions of the Carmack Amendment permit carriers and their subcontractors to reasonably limit their liability. 49 U.S.C. 14706 (c)(1)(A) ("[T]he liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation."). Therefore, the expressed limitation of liability would extend to US Xpress under either federal common law or the Carmack Amendment.

In its briefs, US Xpress seeks to avoid any liability and contends that Great Northern has not established a prima facie case of negligence against US Xpress. Construing the facts in favor of Great Northern, the Court disagrees. NACR tendered the goods to FedEx who then tendered the goods to US Xpress. Great Northern has also established that the goods were damaged for a complete loss, and Great Northern has specified the damages it incurred. However, NACR already received payments covering the loss of the 466 shipment from FedEx, so it cannot recover that amount from US Xpress. The Court grants US Xpress' motion as it pertains to the 466 shipment.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court concludes that US Xpress is entitled to the protections of the limitations on liability found in the FedEx airbills. However, Great Northern has at least shown that a question of

fact remains on whether US Xpress is liable for the limited amount of $1 per pound of the 477 shipment. Plaintiff is therefore not entitled to complete summary judgment. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Clerk Doc. No. 66) is **DENIED in part and GRANTED in part** as follows:

1. Defendant may proceed on their federal common law claims concerning the 477 shipment.

2. Defendant's claims for recovery from US Xpress for loss of goods in the 466 shipment are dismissed.

Dated: October 25 2002

Paul A. Magnuson
United States District Court Judge