UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

U.S.Xpress, Inc.,

Plaintiff,

vs.

Great Northern Insurance Company as subrogee of North American Communications Resource, Inc.,

Defendants and Third-Party Plaintiffs,

vs.

Volvo Trucks North America, Inc.,

Third-Party Defendants. Civ. No. 01-195 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of November, 2002.

* * *

On November 18, 2002, we heard argument on the Motion of the Third-Party Defendant, Volvo Trucks North America, Inc., for a Protective Order, pursuant to Rule 26(c)(1), Federal Rules of Civil Procedure, which would effectively quash a Subpoena duces tecum that the Defendant and Third-Party Plaintiff, Great Northern Insur-

FILED NOV 18 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(88)

ance Company ("Great Northern") caused to be served upon an expert witness who was retained by Volvo. At the time of the Hearing, the Plaintiff appeared by Michael C. Glover, Esq.; Great Northern appeared by Barbara A. Sheridan, Esq.; and Volvo appeared by George W. Soule, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we grant the Motion for a Protective Order, and direct Great Northern to withdraw the Subpoena duces tecum as being unenforceable.

Great Northern's Subpoena was served upon Volvo's expert on November 13 or 14, 2002, and had a return date of November 18, 2002. According to Great Northern, the issuance of the Subpoena was precipitated by the recent deposition of the expert, in which he disclosed that he had investigated eight to ten truck fires which had an origin similar to that at issue in this case. Great Northern relates that, since Volvo has never identified eight to ten truck fires, notwithstanding Great Northern's discovery requests as to that information, it sought the production of those investigative files by the Subpoena upon the expert.

For its part, Volvo objects to the untimeliness of the Subpoena since its return date falls after the close of both expert and fact discovery deadlines, and also denies that it has been less

than complete and forthright in its discovery responses.[1] In addition, Volvo cites Marsh v. Jackson, 141 F.R.D. 431, 432 (W.D. Va. 1992), for the proposition that "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45 where * * * a bare subpoena duces tecum has issued for the experts' files." See also, Smith v. Transducer Technology, Inc., 2000 WL 1717332 at *1 (D. V.I. 2000); Greer v. Anglemeyer, 1996 WL 56557 at *3 (N.D. Ind. 1996).

We need not reach the intriguing issue, that was decided by the Court in Marsh, for we find Great Northern's Subpoena violates the terms of our Pretrial Order. See, Marvin Lumber and Cedar Co. v. PPG Industries, 177 F.R.D. 443, 443 (D. Minn. 1997)("We conclude that Rule 45 Subpoenas, which are intended to secure the pretrial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery."). Since compliance with the Subpoena could not be effected within the period allowed

[1]The deadline for fact discovery expired on September 2, 2002, see Docket No. 56, and the deadline for the taking of expert depositions expired on November 14, 2002. See, Docket No. 86.

for discovery, the Subpoena is unenforceable -- much as would be untimely Interrogatories, Requests for Production, and the like.

While Great Northern's Subpoena is unenforceable, Great Northern is not without a remedy. If, as Great Northern represents, the information it sought from Volvo's expert also responds to discovery requests to Volvo, then Volvo has an obligation to produce that information or face potential sanctions for a failure to discover. As we noted at the time of the Hearing, "[i]n our view, the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly." Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996). We are not sufficiently informed, as to the specific facts involved here, to grant a Motion to Compel, since Volvo states it has honored its discovery obligations, Great Northern disagrees, and we have nothing before us to resolve that dispute. The parties should "meet and confer" on this issue, and if an impasse results, Great Northern may file any Motion it deems appropriate.

NOW, THEREFORE, It is --

ORDERED:

That the informal Motion for a Protective Order of the Third-Party Defendant Volvo Trucks North America, Inc., is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.