UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

U.S.Xpress, Inc.,

Plaintiff,

vs.

Great Northern Insurance Company as subrogee of North American Communications Resource, Inc.,

Defendant and Third-Party Plaintiff,

vs.

Volvo Trucks North America, Inc.,

Third-Party Defendant.

Civ. No. 01-195 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of November, 2002.

* * *

By Order dated November 18, 2002, we granted the informal Motion of the Third-Party Defendant, Volvo Trucks North America, Inc. ("Volvo"), to quash the Subpoena that the Defendant and Third Party Plaintiff, Great Northern Insurance Company ("Great Northern"), had served upon Volvo's testifying expert, Paul Beauchamp

(93)

FILED NOV 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

("Beauchamp"), because the Subpoena was untimely as having a return that post-dated the close of discovery. We noted, however, that, while Great Northern's Subpoena was unenforceable, Great Northern [was] not without a remedy," for "[i]f, as Great Northern represents, the information it sought from Volvo's expert also responds to discovery requests to Volvo, then Volvo has an obligation to produce that information or face potential sanctions for a failure to discover." Order of November 18, 2002, at p. 4.

Great Northern now brings a Motion to Compel Volvo's production of the same information that had been requested in Great Northern's earlier Subpoena; namely, reports of other incidents, which are substantially similar to the incident that prompted this law suit, and which Beauchamp considered in formulating the opinions he will offer at the time of Trial.[1] See, Lewy v. Remington Arms Co.,

---

[1]A Hearing on the Motion was conducted on November 27, 2002, at which time, Great Northern appeared by Brent W. Primus, Esq.; the Plaintiff appeared by Jason E. Engkjer, Esq.; and Volvo ap eared by George W. Soule, Esq.

At the commencement of the Hearing, counsel for Great Northern drew our attention to an emerging discovery dispute which, apparently, arises from documents which counsel Volvo produced to Great Northern on November 26, 2002, and which Great Northern claims should have been produced previously. Counsel for Volvo attributes the lateness to a combination of misunderstanding and miscommunication. Relying upon our reasoning in Lumber v. PPG, Industries, Inc., 168 F.R.D. 641, 642 n. 1 (D. Minn. 1997), Great Northern urges us to sanction Volvo, for its late disclosure, by imposing a presumption that Volvo's braking system -- which is the product at (continued...)

836 F.2d 1104, 1108 (8th Cir. 1988)("In order to be admissible a proper foundation must be laid showing that the other incident involving a Model 700 discharging on release of the safety occurred under circumstances substantially similar to the circumstances surrounding the discharge of Lewy's rifle."); Lockley v. Deere & Co., 933 F.2d 1378, 1386 (8th Cir. 1991)(Evidence of substantially similar incidents to the circumstances of the accident at issue "is relevant to show both the existence of the alleged defective design and causation."). Volvo opposes the Motion, and argues that Beauchamp was retained, by Volvo, to investigate the other incidents in anticipation of separate litigation, and therefore, those other investigative files, which are in Beauchamp's possession, are protected by work product. We find Volvo's argument to be unpersuasive.

---

[1](...continued)
issue -- was defective, by precluding Volvo from introducing evience as to its braking system, or by striking Volvo's Answer. Notithstanding Great Northern's urging, when confronted with discovery abuse, the Court has a full spectrum of available sanctions to assure no prejudice to the objecting party, an appropriate punishent for the offending party, while assuring the pursuit of truth at the time of Trial. In this instance, Great Northern suggests the need for additional discovery -- a suggestion we neither accept, nor reject -- on the sparsity of this Record. Faced with a Trial date that is only weeks away, absent a referral from the Trial Court, we defer this issue to that Court, which will try this case without a Jury.

The Court of Appeals for the Federal Circuit has held, in applying Eighth Circuit law, as follows:

> Although there is some contrary authority at the district court level, see, e.g., Nexxus Prods. Co. v. CVS New York, Inc., 188 F.R.D. 7, 10 (D. Mass. 1999), the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report. Rule 26(a)(2) requires that the testifying expert's report "contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; * * *." The accompanying Advisory Committee Note explicitly states that "[t]he report is to disclose the data and other information considered by the expert * * *. Given the obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions -- whether or not ultimately relied upon by the expert -- are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." See also, TV-3, Inc. v. Royal Ins. Co. of Am., 194 F.R.D. 585, 589 (S.D. Miss. 2000)(correspondence between counsel and expert witness is discoverable, "given plain language of Rule 26(a)(2) and the accompanying Advisory Committee Note"). The revised rule proceeds on the assumption that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony. Indeed, we are quite unable to perceive what interests would be served by permitting counsel to provide core work product to a testifying expert and then to deny discovery of such material to the opposing party.

Given the Record presented, we need not proceed as far as the Court did in Pioneer Hi-Bred, for there is no showing that the information being sought contains the mental impressions of counsel for Volvo. Rather, we are informed that the documents relate to investigations that were conducted by Beauchamp in unrelated accidents that were, nonetheless, were substantially similar to that at issue here. Having elected to call Beauchamp as a testifying witness, and having produced a report of Beauchamp's opinions, which plainly recites that he considered the unrelated accidents in forming his opinion, Volvo may not now insulate those materials from discovery.[2]

---

[2] In his expert report, Beauchamp states as follows:

> In conducting our analysis of the above captioned matter we performed the following activities and/or reviewed the following materials:
>
> * * *
>
> 4. Past inspections of similar model trucks.

In addition, during the course of his deposition, Beauchamp testified that, from 1997 to the present, he has investigated eight to ten fires, in Volvo trucks, that, in his opinion, originated in the area of a parking brake. Deposition of Beauchamp, at pp 36-37. Unfortunately, the records from those investigations were not produced at the time of the deposition, and Beauchamp's independent recollection of those investigations was spotty.

In this respect, we find the reasoning of the Court, in Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 50 (E.D.N.Y. 2001), particularly compelling:

> The use of expert testimony has grown exponentially over the last decades, and it presents unique challenges to the fact finder faced with the task of weighing the credibility of an expert witness. As the Supreme Court has observed, "expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial judge thus "depends upon the efficacy of cross-examination by the party opposing the expert's testimony to point out any weaknesses which might affect its admissibility as does the jury in determining how much weight to give to the expert's testimony." Musselman [v. Phillips,] 176 F.R.D. [194,] 200 [(D. Md. 1997)]. Given the importance that expert testimony can assume, "a jury is entitled to know everything that influenced an expert's opinion in order to assess his credibility" * * *.

Quoting, Barna v. United States, 1997 WL 417847 at *2 (N.D. Ill., July 18, 1997).

To unnecessarily fedder Great Northern's cross-examination of Beauchamp's opinions, by shielding from Great Northern's view the very materials that Beauchamp considered in formulating his opinions, confers an unfair, and wholly unjustified, advantage upon Volvo.

Of course, we do not address the issue of admissibility, for such a determination is uniquely suited to the Trial Court, but we seriously doubt that the Trial Court could properly administer its gatekeeping function, as to that issue of admissibility, without

the information that Great Northern now seeks. As the Court explained, in Barker v. Deere & Co., 60 F.3d 158, 162-63 (3rd Cir. 1995):

> We observe that the district court must be apprised of the specific facts of previous accidents in order to make a reasoned determination as to whether prior accidents are "substantially similar." Absent such a foundation, it is impossible for the district court in the first instance, and the this court on appeal, to review the facts in order to make a determination as to similarity.

As a result, we conclude that Great Northern has satisfied its burden of demonstrating a "substantial need," as well as an "undue hardship," in securing the "substantial equivalent" of Beauchamp's materials "by other means." Rule 26(b)(3), Federal Rules of Civil Procedure. Accordingly, we grant Great Northern's Motion to Compel.[3]

NOW, THEREFORE, It is -

---

[3]While Great Northern seeks to impose a sanction upon Volvo, with respect to the specific issue now presented, the basis offered is entirely conclusory, and unconvincing. While, during the course of the deposition, counsel for Great Northern requested the production of a report pertaining to a truck fire in Pennsylvania, we find no similar request for the production of the eight to ten other investigations that Beauchamp believed that he had conducted. See Deposition of Beauchamp, at p. 30. Moreover, even though counsel for Great Northern suggested that a Subpoena had been served, in conjunction with Beauchamp's deposition, we suspect that service was not effected, otherwise we would not have had to address the issue we resolved in our prior Order of November 18. Id. Thus, we do not award sanctions on the Record presented.

ORDERED:

That Great Northern's informal Motion to Compel is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE