UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Xpress, Inc., Civ. File No. 01-195 (PAM/RLE)

Plaintiff,

v. **ORDER**

Great Northern Insurance Company, as subrogee of North American Communications Resource, Inc.,

Defendant.

---

This matter is before the Court on Plaintiff's Motion to Amend the Judgment or, in the alternative for a new trial. For the reasons that follow, the Court denies the Motion. Because the Court set forth the facts of the case in previous orders, see U.S. Xpress v. Great Northern Ins. Co., No. 01-195, 2003 WL 124021 (D. Minn. Jan. 8, 2003) ("USX III"); U.S. Xpress v. Great Northern Ins. Co., No. 01-195, 2002 WL 31433274 (D. Minn. Oct. 25, 2002) (USX II); U.S. Xpress, Inc. v. Great Northern Ins. Co., No. 01-195, 2001 WL 1690051 (D. Minn. Dec. 10, 2001) ("USX I"), it need not repeat them here.

**DISCUSSION**

Courts have discretion to grant a motion to amend its findings. Adzick v. Unum Life Ins. Co., No. 99-808, 2002 WL 1991117, *1 (D. Minn. Aug. 22, 2002) (Tunheim, J.). "The trial court, in the exercise of its discretion, may review and amend its findings and conclusions to correct a manifest error." Id. The Court may grant a motion under Rule 59 when a new trial is necessary to prevent a miscarriage of justice. Harrison v. Purdy Bros.

FILED FEB 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002); Shim-A-Line, Inc. v. Northstar Mfg. Co., No. 3-91-520, 1994 WL 549517, *4 (D. Minn. Apr. 19, 1994) (Magnuson, J.). However, an allegedly erroneous evidentiary ruling does not warrant a new trial "unless the evidence was so prejudicial that a new trial would likely produce a different result." Harrison, 312 F.3d at 351 (internal quotation omitted). In this case, Plaintiff fails to show that the Court erred at all, much less that the Court committed a manifest error or a miscarriage of justice.

**A. Southall Affidavit**

Plaintiff argues that the Court erroneously received the affidavit of Jack Southall, Third-Party Plaintiff's Exhibit 47. Plaintiff reasons that without this piece of evidence, Third-Party Plaintiff could not establish two crucial facts and therefore, the weight of the evidence exonerated Plaintiff from liability. Specifically, Plaintiff contends that: (1) this is the only evidence presented at trial that shows Federal Express tendered the lost goods to Plaintiff; and (2) this is the only evidence that shows the lost goods were actually on Plaintiff's truck when fire destroyed the truck and all of its cargo. The Court disagrees. First, the Court previously specified that both of the above facts exist without substantial controversy, see Fed. R. Civ. P. 56(d). USX II at *1, *3 ("NACR tendered the goods to FedEx, who then tendered the goods to U.S. Xpress. Great Northern has also established that the goods were damaged for a complete loss."); USX I at *1 ("In Memphis, FedEx tendered the goods to US Xpress for shipment by truck to Arizona. During the shipment, a fire destroyed the truck and the goods it carried.") Therefore, these facts are deemed established,

as Court noted in the trial order. USX III at *5. Second, the preponderance of the evidence in the record at trial also establishes that Federal Express actually tendered the lost goods to Plaintiff and that the goods were destroyed by the truck fire in question. (E.g., Third-Party Plaintiff's Exs. 1, 37, 38; Testimony of Paul Kaufer.)

**B. Claim Provisions**

Plaintiff argues that Great Northern failed to comply with the provisions of the Federal Express Service Guide. Plaintiff claims that the Court committed manifest error because it failed to address this factual issue. Plaintiff's allegations have no merit. The record supports the Court's conclusion that Great Northern properly and effectively submitted claims to Federal Express for the complete loss of both shipments.

**CONCLUSION**

Plaintiff's Motion exposes no errors in the Court's findings. Plaintiff, therefore, falls far short of the standards required to prevail on a motion brought under Rules 52(b) or 59. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion (Clerk Doc. No. 129) is **DENIED**.

Dated: February 6, 2003

Paul A. Magnuson
United States District Court Judge